IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:19-cv-00562

| | |
|---|---|
| **JEREMY S. STAFFORD, individually and on behalf of all others similarly situated,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) **COLLECTIVE ACTION** ) **COMPLAINT** ) |
| **CAROLINA FRESH WATER, LLC,** | ) ) |
| **Defendant.** | ) ) |

Plaintiff, Jeremy S. Stafford ("Stafford"), individually and on behalf of all other similarly-situated employees, by and through his counsel, brings claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA") against Carolina Fresh Water, LLC ("CFW" or "Defendant"), and alleges, upon personal belief as to himself and his own acts, and as for all other matters, upon information and belief, and based upon the investigation made by his counsel, as follows:

### NATURE OF ACTION

1. Stafford contends that Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") by knowingly suffering and/or permitting Stafford and the putative Collective members (hereinafter collectively referred to as "Plaintiffs") to work in excess of 40 hours per week without properly compensating them at an overtime premium rate for these overtime hours.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer… in

1

any Federal or State court of competent jurisdiction." Stafford has signed an opt-in consent form to join this lawsuit. (Exhibit A).

3. This Court has jurisdiction over Stafford's claims pursuant to 28 U.S.C. §1331 because Stafford's claims arise under the FLSA.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant conducts business in this District.

## PARTIES

5. Stafford is a resident of Rock Hill, South Carolina and worked for Defendant as an Installer. Stafford's primary job duty was installing and servicing water purification systems in residential homes.

6. Defendant is in the business of selling, installing and servicing water purification systems, primarily to residential customers. Defendant's principal place of business is located in Greensboro, North Carolina. Defendant's service area includes North Carolina, South Carolina and Virginia.

7. At all times relevant, Defendant was Stafford's "employer" as defined by the FLSA, 29 U.S.C. §203(d) and was actively engaged in the conduct described herein. Throughout the relevant period, Defendant employed Stafford and similarly-situated employees within the meaning of the FLSA

## FACTS

8. Plaintiffs are individuals who have worked for Defendant as Installers during the statutory period. Amongst other things, Plaintiffs all shared similar job titles, training, job descriptions and job tasks. Importantly, Stafford and Plaintiffs were all paid a base salary, plus a fixed amount for each installation he performed.

9. Stafford worked as an Installer for Defendant from September 2016 until late April 2019.

10. Stafford was paid a salary of $500 per week, plus $265 for each installation he performed. Stafford performed between three to six installations each week.

11. In addition to performing installations, Stafford was required to troubleshoot and service existing customers' water purification systems, perform data entry for each task he performed, and track and organize inventory in Defendant's warehouse.

12. Stafford worked seven (7) days per week and was required to be on call 24 hours per day, seven (7) days per week.

13. Defendant paid all Installers a weekly salary, plus a fixed amount for each installation performed.

14. Stafford estimates that during his tenure with Defendant, he worked between 60 to 80 hours each week, depending on the needs of Defendant. Based on Stafford's observations and discussions with other Installers, Stafford has personal knowledge that Defendant's Installers also work in excess of forty hours each workweek.

15. Despite the fact that the Stafford and the other Plaintiffs did not meet any test for exemption, Defendant failed to pay them the requisite overtime rate of 1½ times their regular rate for all hours worked more than 40 hours per week ("Overtime Hours").

### Plaintiffs Routinely Worked Overtime Hours Without Being Paid Overtime Premium Compensation

16. Stafford and other Installers routinely worked Overtime Hours but were not paid overtime premium compensation as required by the FLSA.

17. Stafford and other Installers were required to work eight or more hours per day, seven days a week.

18. Despite the fact that the Stafford and other Installers were required, permitted, and/or encouraged to work Overtime Hours, Defendant failed to pay them one and one-half (1½) times their regular rate of pay for all Overtime Hours worked, as required by the FLSA.

19. Stafford and other Installers were paid a salary, plus a fixed rate for each installation performed. The total number of hours worked by Stafford and other Installers, as well as the weekly compensation paid to Stafford and other Installers, was largely determined by the number of installations Defendant scheduled for each individual. Defendant did not pay an overtime premium to Stafford or other Installers for hours worked in excess of 40 each workweek.

20. Defendant knew, and was aware at all times, of the above-mentioned violations.

21. The conduct alleged above reduced Defendant's labor and payroll costs.

22. Stafford and other similarly-situated Installers were subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of overtime compensation. As a result of Defendant's improper and willful failure to pay Stafford and Installers in accordance with the requirements of the FLSA, Stafford and Plaintiffs suffered lost wages and other related damages.

**<u>Defendant Willfully Violated the FLSA</u>**

23. Defendant has no legitimate basis to believe the Stafford or Plaintiffs were exempt from the overtime requirements of the FLSA. Instead, Defendant either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay Stafford and Plaintiffs overtime compensation for all Overtime Hours worked. Defendant's willful actions and/or willful failures to act, included, but were not necessarily limited to:

    a. Defendant maintained or should have maintained payroll and time keeping records that reflected that Stafford and Plaintiffs did, in fact, regularly work Overtime

Hours and therefore, Defendant had actual or constructive knowledge that the Plaintiffs worked overtime;

b. Defendant knew that they did not pay Plaintiffs one and one half (1½) times their regular rate of pay for all Overtime Hours worked;

c. Defendant lacked any good-faith basis to believe that the Installers fell within any exemption from the overtime requirements of the FLSA; and

d. Defendant was aware that it would (and did) benefit financially by failing to pay Plaintiffs overtime premium pay for all Overtime Hours worked, thereby reducing labor and payroll costs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24. Stafford brings this collective action on behalf of himself and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to Defendant's violation of the FLSA.

25. Plaintiff pursues the requested relief on behalf of the following individuals ("the Class"):

> **All individuals who currently work, or have worked, for Defendant as an Installer or any other similarly titled position, at any time within the preceding 3-years from the date of filing the complaint.**

26. Stafford is a member of the Class he seeks to represent because he was employed by Defendant during the relevant period, routinely suffered or was permitted to work more than 40 hours per week, as described above, and was not paid an overtime premium rate for the time he worked over 40 hours per week.

27. Specifically, Defendant engaged in common schemes to avoid paying Stafford and Plaintiffs overtime pay when they worked in excess of 40 hours per week, even though Stafford and Plaintiffs did not satisfy the necessary conditions exempting them from overtime.

5

Case 1:19-cv-00562-TDS-LPA    Document 1    Filed 05/31/19    Page 5 of 9

28. Although Stafford and Plaintiffs may have worked in different locations throughout the relevant period, this action may be properly maintained as a collective because:

   a. Stafford and the Plaintiffs were all paid under the same compensation structure;

   b. Stafford and the Plaintiffs worked in excess of 40 hours per week during one or more workweeks while employed by Defendant;

   c. Regardless of their location, Defendant did not pay Stafford and the Plaintiffs an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week; and

   d. Defendant maintained common timekeeping and payroll systems and policies with respect to Stafford and the Plaintiffs, regardless of their location.

29. Defendant encouraged, suffered and permitted Stafford and Plaintiffs to work more than forty (40) hours per week without proper overtime compensation.

30. Defendant knew that Stafford and Plaintiffs performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as previously described, to deprive Stafford and Plaintiffs of wages and overtime compensation.

31. Defendant's conduct as alleged herein was willful and has caused extensive damage to Stafford and to Plaintiffs.

32. Defendant is liable under the FLSA for failing to properly compensate Stafford and Plaintiffs. Plaintiffs request that the Court authorize notice to the members of the collective Class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid overtime compensation, liquidated damages under FLSA, and the other relief requested herein.

33. Stafford estimates that the collective Class, including both current and former employees over the relevant period, will include approximately 10-20 members. The precise number of collective Class members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from Stafford as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b). Given the composition and size of the

collective class, its members may be informed of the pendency of this action directly via U.S. mail and e-mail.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA FOR ALL OVERTIME HOURS WORKED

34. Stafford realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

35. Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

36. Stafford and the Class members are similarly-situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

37. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

38. Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Stafford and Plaintiffs to work overtime hours each week without paying them premium overtime pay.

39. Throughout the relevant period, Stafford and Plaintiffs each worked in excess of 40 hours per week during one or more workweeks, but were not paid an overtime premium of 1½ times their regular hourly rate for those additional hours.

40. The foregoing actions of Defendant violated the FLSA.

41. Defendant's actions were willful and not in good faith.

42. Stafford and Plaintiffs have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

43. Defendant is liable to Stafford and Plaintiffs for actual damages, liquidated damages and equitable relief pursuant to 29 U.S.C. §216(b) as well as reasonable attorneys' fees, costs and expenses.

44. Stafford and Plaintiffs are also entitled to injunctive relief to prevent Defendant from continuing their violation of the FLSA and other appropriate class-wide injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Stafford, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against the Defendant, jointly and severally, and in favor of Stafford and all others similarly situated, for a sum that will properly, adequately and completely compensate Stafford and all others similarly situated for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Order the Defendant to file with this Court and furnish to counsel a list of all names, telephone numbers, e-mail addresses and home addresses of all Installers, or any other similarly titled position who have worked for the Defendant within the last three years;

B. Authorize Stafford's counsel to issue notice via U.S. Mail and e-mail at the earliest possible time to all Installers, or any other similarly titled position who worked for the Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

C. Certify Count I as a collective action;

D. Declare and find that the Defendant committed one or more of the following acts:

   i. Violated provisions of the FLSA by failing to pay overtime wages to Stafford and similarly-situated persons who opt-in to this action;

   ii. Willfully violated provisions of the FLSA;

E. Award compensatory damages, including all overtime pay owed, in an amount according to proof;

F. Award liquidated damages on all compensation due accruing from the date such amounts were due;

G. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

H. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I. For such further relief as the Court deems just and equitable.

Dated: May 31, 2019      Respectfully Submitted,

            /s/ Philip J. Gibbons, Jr.
            Philip J. Gibbons, Jr., NCSB #50276
            Craig L. Leis NCSB #48582
            Jason S. Chestnut, NCSB # 52066

            **GIBBONS LEIS, PLLC**
            14045 Ballantyne Corporate Place, Ste. 325
            Charlotte, NC 28277
            Telephone: 704-612-0038
            Email: phil@philgibbonslaw.com
                craig@gibbonsleis.com
                jason@gibbonsleis.com