IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JEREMY S. STAFFORD,　　　　　　　　　)
individually and on behalf of　)
all others similarly　　　　　　)
situated,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiff,　)
　　　　　　　　　　　　　　　　　)　　　1:19-cv-562
　　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
CAROLINA FRESH WATER, LLC,　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendant.　)
　　　　　　　　　　　　　　　　　)

**ORDER**

Plaintiff Jeremy S. Stafford and Defendant Carolina Fresh Water, LLC ("Defendant") have agreed to the settlement of this bona fide FLSA dispute after discovery and following arm's-length negotiations. Defendant denies the claims asserted in this action and denies all liability associated with any of the facts or claims alleged in the lawsuit. This action is before the court on Plaintiff's "Unopposed Motion for Approval of FLSA Settlement and Order of Dismissal with Prejudice." (Doc. 14.) Contemporaneous with the filing of this motion, Plaintiff filed supplemental memoranda with supporting information and exhibits. (Docs. 15, 16.) Based on this information and for the reasons that follow, the motion will be granted.

To approve a settlement, the court must determine whether it is a fair and reasonable compromise of disputed claims and issues arising from a bona fide dispute raised pursuant to the FLSA.

Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982); see Taylor v. Progress Energy, Inc., 493 F.3d 454, 460 (4th Cir. 2007), superseded on other grounds as recognized by Whiting v. The Johns Hopkins Hosp., 416 F. App'x 312, 316 (4th Cir. 2011) (per curiam). Under § 216(b), when an action is brought by an employee against his employer to recover back wages, the proposed settlement must be presented to the district court for review and determination that the settlement is fair and reasonable. Lynn's Foods Stores, 679 F.2d at 1353-54.

Under the FLSA, "there is a judicial prohibition against the unsupervised waiver or settlement of claims." Taylor, 493 F.3d at 460 (citing D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 114-16 (1946)). "[E]mployees cannot waive their right to overtime wages [under the FLSA] unless such a settlement is overseen by the Department of Labor or approved for fairness and reasonableness by a district court." Boone v. City of Suffolk, 79 F. Supp. 2d 603, 605 n.2 (E.D. Va. 1999) (citing Lynn's Food Stores, 679 F.2d at 1355). Thus, courts must determine that an FLSA settlement between an employee and an employer represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions" before approving the settlement. Hargrove v. Ryla Teleservices, Inc., No. 2:11cv344, 2013 WL 1897027, at *2 (E.D. Va. Apr. 12, 2013) (quoting Lynn's Food Stores, 679 F.2d at 1355).

2

When deciding whether there is a bona fide dispute as to a defendant's liability under the FLSA, courts consider the pleadings and the proposed settlement agreement. Duprey v. Scotts Co. LLC, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (citing Lomascolo v. Parsons Brinckerhoff, Inc., No. 1:08cv1310, 2009 WL 3094955, at *16–17 (E.D. Va. Sept. 28, 2009)). The FLSA claims at issue in this case constitute a bona fide dispute. Stafford has sought redress from Defendant for alleged unpaid overtime pursuant to the FLSA; Defendant has consistently denied liability under FLSA. (Doc. 16 at 4.) Although this case has not reached advanced stages, the parties have performed adequate discovery to fairly evaluate the potential range of liability and recovery, particularly in light of the cost and uncertainty that would accompany continued litigation. (Id. at 5-6.)

Although the Fourth Circuit has not directly addressed the relevant factors the court should consider when determining whether a FLSA action settlement is fair and reasonable, district courts within the circuit have generally considered the fairness factors a court would consider under Federal Rule of Civil Procedure 23(e). See Hoffman v. First Student, Inc., Civil No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); Lomascolo, 2009 WL 3094955, at *11. For example, some courts have cited the following factors for consideration:

3

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential recovery.

Hargrove, 2013 WL 1897027, at *2 (citing Lomascolo, 2009 WL 3094955, at *10). "There is a strong presumption in favor of finding a settlement fair that must be kept in mind in considering the various factors to be reviewed in making the determination of whether a settlement is fair, adequate and reasonable." Lomascolo, 2009 WL 3094955, at *10 (internal quotations omitted).

Here, the court finds the proposed settlement to be fair reasonable. Stafford will receive $13,560.00 for the damages he allegedly incurred pursuant to the FLSA. (Doc. 16 at 6-7.) In considering the relevant factors, the court finds the following: (1) the parties have engaged in sufficient discovery, including the production of hundreds of pages of documents (id. at 5-6; Doc. 15-2 ¶ 13), (2) there is an absence of any showing of collusion or fraud in the settlement agreement (Doc. 16 at 6), and (3) Stafford's counsel is experienced in such cases, having handled numerous other wage and hour matters (id.; Doc. 15-2 ¶¶ 1-11.) The court has also considered the probability of Stafford's success on the merits and the amount of the settlement in relation to the potential recovery. The proposed settlement appears to be the

4

product of arms-length bargaining between experienced counsel and experienced Defendant's counsel, who have independently evaluated the likelihood of prevailing on their claims and defenses. (Doc. 15-2 ¶¶ 13-15.) It should therefore be approved.

Under the FLSA, the court is authorized to award "a reasonable attorney's fee to be paid by the defendant, and costs of the action," in addition to any judgment awarded to the plaintiff. 29 U.S.C. § 216(b); see Poulin v. Gen. Dynamics Shared Res., Inc., No. 3:09-cv-00058, 2010 WL 1813497, at *3-4 (W.D. Va. May 5, 2010). The Fourth Circuit considers twelve factors in judging the reasonableness of an award of attorneys' fees in FLSA cases:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978).[1]

---

[1] These standards have been applied more recently in an unreported FLSA case, Jackson v. Estelle's Place, LLC, 391 F. App'x 239, 243 (4th Cir.

5

The lodestar award is generally used to determine the initial estimate of reasonable attorneys' fees under the FLSA, and then the court may adjust the lodestar calculation according to other factors. Jackson, 391 F. App'x at 243-44 (quoting Blanchard v. Bergeron, 489 U.S. 87, 94 (1989)). The lodestar fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Lyle v. Food Lion, Inc., 954 F.2d 984, 988 (4th Cir. 1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The lodestar fee is presumptively reasonable. Id. at 988-89 (citing Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986)).

Here, Plaintiff's counsel represents that the lodestar amount is $19,720.50. (Doc. 16 at 10-11.) The settlement agreement provides that Plaintiff's counsel will receive $9,040 in attorney's fees and $400 in reasonably incurred out-of-pocket costs, for a total of $9,440. (Id. at 9.) Based on the supplemental information counsel has provided, the settled attorneys' fee amounts to a recovery of an aggregated blended rate of $154.53 per hour. (Id. at 11.) The court finds this constitutes a satisfactory compromised rate. (Doc. 15-2 ¶ 22.)

The court should not independently reduce any agreed-upon

---

2010) (per curiam), which, although not precedential, is nevertheless entitled to the persuasiveness of its reasoning. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

6

award under these circumstances.  See Goldstein v. Costco Wholesale Corp., 337 F. Supp. 2d 771, 774 n.1 (E.D. Va. 2004).  Moreover, that the attorneys' fee amount is to be paid separately from the settlement amount to Stafford favors approval.  The court therefore finds that an attorneys' fee and costs award of $9,440 is fair and reasonable.

IT IS THEREFORE ORDERED that Plaintiff's Unopposed Motion for Approval of FLSA Settlement and Dismissal of Action with Prejudice (Doc. 14) is GRANTED; the settlement of this FLSA action is APPROVED and the Agreement may be consummated; the settlement shall be paid to Stafford and his counsel as directed in the Agreement.

IT IS FURTHER ORDERED that the above-captioned case is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the court will retain jurisdiction for the sole purpose of interpreting and enforcing the settlement.

/s/   Thomas D. Schroeder
United States District Judge

June 17, 2020